UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
VANESSA BRAND, et al.             :
                                  :
        Plaintiffs,               :     Civil Action No. 08-782 (JAP)
                                  :
    v.                            :     **OPINION**
                                  :
UNITED STATES OF AMERICA, *et al.*, :
                                  :
        Defendants.               :
                                  :
_____:

PISANO, District Judge.

Plaintiffs, Vanessa and Glenn Brand ("Plaintiffs"), bring this action against the United States alleging that the release of hazardous substances by the United States Army at Camp Evans contaminated their property. The United States has moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56(c), alleging that Plaintiff's suit is barred by the statute of limitations set forth in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b). Specifically, Defendant alleges that Plaintiff failed to bring their claims within the two-year period set forth in the statute, which "forever bar[s]" a tort claim against the United States unless such claim is "presented in writing to the appropriate Federal agency within 2 years after such claim accrues . . ." 28 U.S.C. § 2401(b). For the reasons set forth below, Defendant's motion is denied.

I.  BACKGROUND

Plaintiffs are homeowners whose property is located in Wall, New Jersey.  Their property, located on Evans Road, is immediately adjacent to Camp Evans, a sub-post of Fort Monmouth, a United States Army military installation.  Compl. ¶¶ 11-12.  According to Defendant, at one time there were a number of electrical transformers located at Camp Evans that leaked polychlorinated biphenyls ("PCBs") onto the surrounding soil.  Def. Brf at 2 (Statement of Facts ¶ 6).  Plaintiffs allege that these contaminants from Camp Evans migrated onto their property.  Ultimately, testing performed by the Army revealed that the level of PCBs present on Plaintiffs' property was in excess of New Jersey Department of Environmental Protection standards.  *Id.* at ¶¶ 21-22.

It is undisputed that Plaintiffs were first notified of the possibility that their property was contaminated on July 25, 2001, the date they closed on the property.  On that evening officials from Forth Monmouth personally visited Plaintiffs at their home to advise them of the possible contamination.  Declaration of Henry Kearney ("Kearny Decl.")  These officials had been visiting homeowners living on Evans Road "to notify them of the likelihood of PCB contamination on their property and to seek permission for Army entry to test the soils for PCBs."  *Id.* ¶ 5.  They also explained to the homeowners the "history of PCB use/discharge at the Evans area."  Declaration of Charles Appleby ("Appleby Decl.") ¶ 6.

After being notified of the potential contamination, the Brands did not use the property outside of their home.  Letter attached as Ex. E to Certification of Charles Quinlan.  It appears that Plaintiffs consented to allow the necessary testing of their property, and by letter dated

2

October 18, 2001, the Army advised the Plaintiffs that PCBs were present at their home. Pl. Ex. C. The letter further stated that additional assessment and clean up would be required. *Id.* According to Plaintiffs, remediation of the property by the Army began in September 2003 and lasted until February 2004.

## II. DISCUSSION

A. Summary Judgment Standard[1]

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the

---

[1] Defendant has moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Rule 56(c). The Court will address Defendant's motion as one for summary judgment under Rule 56. It is well-established that an affirmative defense such as the expiration of the statute of limitations may provide a basis for dismissal on a Rule 12(b)(6) motion only in those situations where the defense is "apparent on the face of the complaint." *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006) ("[A] statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint."). Defendants basis for dismissal on this motion is not apparent from the face of the Complaint but, rather, relies on documents outside the pleadings.

moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. In so presenting, the non-moving party may not simply rest on its pleadings, but must offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B.  Statute of Limitations

Plaintiffs' action is brought pursuant to the Federal Tort Claims Act ("FTCA"), which provides that a claim against the United States is barred unless it is presented to the appropriate federal agency "within two years after such claim accrues." 28 U.S.C. § 2401(b). When a claim "accrues" with respect to the FTCA is a question of federal law. *Zeleznik v. U.S.*, 770 F.2d 20, 22 (3d Cir. 1985). Typically, a tort claim accrues at the time of injury. *Miller v. Philadelphia Geriatric Center*, 463 F.3d 266, 270-71 (3d Cir. 2006). However, in certain situations courts have applied a "discovery rule" as set forth by the Supreme Court in *United States v. Kubrick*, 444 U.S. 111 (1979).

Under the discovery rule, "a claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence and source of an injury." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).  In the instant matter, Defendant argues that Plaintiffs' claim accrued on July 25, 2001, the date that Plaintiffs were visited by Army personnel and informed of the possibility that their property might be contaminated with PCBs.  If Defendant is correct, the two year statute of limitations would have expired with respect to Plaintiffs' claims on July 25, 2003.  Because Plaintiffs presented their administrative claims under the FTCA on July 29, 2003, Plaintiffs claims would untimely.  Plaintiffs, however, argue that their cause of action did not accrue until October 18, 2001, the date that they received notice from the Army that their property was actually contaminated with PCBs.  *See* Letter, Pl. Ex. C.

The Third Circuit has noted that the "'polestar' of the discovery rule is not the plaintiff's actual knowledge of injury, but rather whether the knowledge was known, or through the exercise of reasonable diligence, knowable to the plaintiff." *Oshiver*, 38 F.3d at 1386.  As such, while the discovery rule delays the initial running of the statute of limitations, it only does so until "the plaintiff has discovered or, by exercise of reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct." *Id.*  Said another way, application of the discovery rule "tolls the limitations period during the time that an injury is undiscoverable through due diligence." *Lyons v. Emerick*, 187 Fed.Appx. 219, 221 n.3 (3d Cir. 2006).

Applying this standard, the Court finds that, contrary to the assertions of Defendant,

5

the undisputed facts do not establish that Plaintiff's claim accrued on July 25, 2001, the date that Plaintiffs were first informed by Army personnel of potential contamination.  First, it is clear that Plaintiffs did not have actual knowledge of an injury (*i.e.*, contamination).  Plaintiffs – and, indeed, the Army – were unaware at that time whether Plaintiffs had suffered any injury at all.  Second,  Defendant has not shown that Plaintiffs should have, through the exercise of reasonable diligence, known of their injury on July 25, 2001.  On that date Plaintiffs were first put on notice of the possibility of an injury.  Such notice imposed an obligation on Plaintiffs, in order for Plaintiffs to benefit from the tolling of the discovery rule, to exercise reasonable diligence in ascertaining whether they had suffered an actual injury.   There is no allegation that Plaintiffs "slept on their rights" and failed to exercise reasonable diligence in uncovering the contamination.  There is nothing in the record on this motion that would indicate that Plaintiffs did anything other than fully cooperate with the Army with respect to the Army's testing and assessment efforts until such time that the contamination was found.

       The cases cited by Defendant do not contradict the Court's finding that Plaintiffs' claim did not accrue on July 25, 2001.  For example, in *Kubrick*, which involved a medical malpractice claim, the Supreme Court found the plaintiff's claim accrued when the plaintiff knew of his injury (a loss of hearing) and knew of its cause (a specialist advised him it was a result of an antibiotic treatment he received at a Veterans Administration hospital).  However, the Court rejected Kubrick's argument that the statute of limitations should have been tolled until the plaintiff was advised that the antibiotic treatment that caused his injury was a deviation from the standard of care.  Once the plaintiff was "aware of his injury and its

probable cause," his cause of action accrued and he had two years to file an administrative complaint. 444 U.S. at 118.

Similarly, in *Zeleznik*, the plaintiffs knew of their injury (death of their son) and its immediate cause (murdered by an illegal alien recently released from a psychiatric hospital). The Third Circuit rejected the Zelezniks' argument that their claim did not accrue until they discovered, several years later, certain allegedly negligent actions on the part of the Immigration and Naturalization Service, to which the killer had attempted to surrender a few days before the murder. Like in *Kubrick*, the court found that a claim accrues "once an injured party learns of his injury and its immediate cause."

While these cases and others cited by Defendant demonstrate that "[t]he discovery rule does not delay the running of the statute of limitation until a plaintiff is aware of all of the facts necessary to bring a cause of action," *New Castle County v. Hallivurton NUS Corp*, 111 F.3d 1116, 1125 (1997), case law is clear that it is necessary for a plaintiff to have "awareness of actual injury" in order for a claim to accrue. *Id*. This "awareness," or knowledge, may be actual or constructive, but it must exist for a claim to accrue. As stated earlier, Plaintiffs in this case did not have actual or constructive knowledge of an actual injury on July 25, 2001. Consequently, Defendant's motion is denied.

## III. CONCLUSION

For the reasons stated above, the Court denies Defendant's motion. An appropriate Order accompanies this Opinion.

                                                                                        /s/ JOEL A. PISANO
                                                                                   Joel A. Pisano, U.S.D.J.

Date: September 10, 2008